The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillip A. Holmes, the briefs and arguments on appeal and upon the additional medical evidence consisting of the second deposition of Dr. Haworth and the records from Duke University Medical Center. Based upon the entire record of evidence, the appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence, Full Commission reverses the Deputy Commissioner holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing on 12 January 1999 as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and subject matter.
2. An employment relationship existed between plaintiff-employee and defendant-employer on 28 January 1998.
3. All parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
4. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
5. Plaintiff alleges to have sustained a compensable injury on or about 28 January 1998.
 ***********
Based upon the entire record of evidence, including the additional medical evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. On 28 January 1998, plaintiff was forty-five (45) years old and was employed by defendant-employer as a trash collection driver in Columbus County.
2. On 28 January 1998, plaintiff was servicing his trash collection route in eastern Columbus County and was driving his assigned company truck east on Salter Road, which was unpaved at that time. At approximately 10:30 a.m. that morning, as plaintiff was driving on Salter Road, his truck encountered a portion of the road that had collapsed. When plaintiffs trash truck reached this collapsed portion of the road, the truck was thrown off the road into a ditch on its right side, striking the embankment.
3. This incident caused the right side of plaintiffs head and face to strike a vertical metal support bar and the windshield of the truck. Plaintiff experienced the immediate onset of pain in the right side of his face and in his right shoulder.
4. Following this incident, plaintiff radioed the dispatcher for a tow truck, which was dispatched to the scene. The tow truck dislodged the plaintiffs truck from the embankment.
5. Because he did not immediately know the nature or seriousness of his injuries and did not want to jeopardize his job, plaintiff did not report sustaining a work related injury when he radioed for the tow truck. After his truck was removed from the embankment, plaintiff completed the remainder of his assigned route on 28 January 1998.
6. When plaintiff reported to work on 29 January 1998, he was experiencing pain as the result of the prior days incident. For his pain, plaintiff was taking large amounts of Advil and headache powders. Despite his continued pain, plaintiff completed his work on 29 January 1998 and did not inform his supervisor of his pain and condition until 30 January 1998. Prior to that date, plaintiff had attributed his pain to bruising from the incident. On that date, plaintiff informed Mr. Ball, his supervisor, that he needed to see a physician due to worsening pain in his neck and shoulder. Mr. Ball instructed plaintiff regarding the completion of necessary paperwork in order to be released to see a physician and an appointment was then made with Dr. Robert Wilkins at Duke University Medical Center.
7. On 11 February 1998, plaintiff was examined by Dr. Wilkins, and because of the distance between his home and Duke University, plaintiff was unable to work on that date. Dr. Wilkins took x-rays and ordered an MRI to be performed at Columbus County Hospital. Based upon his examination of plaintiff, Dr. Wilkins diagnosed post traumatic neck and shoulder pain.
8. The next day, on 12 February 1998, plaintiff was performing his trash collection route when he was stopped on the road by Mr. Ball and two other workers. Plaintiff was informed that one of these other two workers was going to finish his route and that he should return to defendant-employers office to meet with Mr. Ball.
9. On 12 February 1998, plaintiffs employment with defendant-employer was terminated, for alleged misconduct. During the period of his employment with defendant-employer, plaintiff had been written up on three occasions for either leaving work early or arriving late.
10. Defendants contend that plaintiff was terminated for misconduct. However, the timing and circumstances of his termination are questionable. Based upon the totality of the evidence relating to this issue, the Full Commission finds that defendants have failed to produce sufficient evidence upon which to find that plaintiffs termination was for misconduct or fault for which a non-disabled employee would also have been terminated.
11. Plaintiffs testimony regarding the incident occurring on 28 January 1998, his condition and the circumstances of his termination on 12 February 1998 is accepted as credible by the Full Commission and is given greater weight than the testimony of Mr. Wade Thomas Jernigan, defendant-employers Operations Manager.
12. On 21 March 1998, the MRI ordered by Dr. Wilkins was performed at Columbus County Hospital. The MRI revealed herniated discs at the C4-5 and C5-6 levels. Plaintiff was then referred to Dr. Charles Haworth, a neurosurgeon who worked in a practice associated with Duke University.
13. Plaintiff was further examined by Dr. Haworth on 9 April 1998. Dr. Haworth concurred with the findings of the MRI and recommended two potential courses of action. One course of treatment was more conservative, and would attempt to manage plaintiffs condition through physical therapy. A second, and more aggressive course of action, would be to undergo a CT myleogram, an EMG and ultimately have surgery.
14. Dr. Haworth opined that plaintiffs neck symptoms, disc herniation and surgery were caused by the work related truck incident which plaintiff was involved with on 28 January 1998.
15. Plaintiff had not experienced any similar neck or disc problems prior to the incident on 28 January 1998. Furthermore, there is no evidence before the Commission that that there is any other possible cause of plaintiffs condition other than the work related incident of 28 January 1998.
16. The 28 January 1998 work related incident involved the introduction of unusual circumstances into plaintiffs work routine.
17. On 28 January 1998, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
18. In the alternative, on that date, plaintiff sustained a specific traumatic incident of the work assigned.
19. Plaintiffs neck symptoms, disc herniation and surgery were the direct and natural result of his 28 January 1998 injury by accident.
20. Following plaintiffs termination by defendant-employer, he found work with several employers. From August to June 1998, plaintiff worked for Bob Long Trucking. From the summer of 1998 to October 1998, plaintiff worked with CJ Tire. From October 1998 through the date of the hearing before the Deputy Commissioner on 12 January 1999, plaintiff has been employed by Bladen Trucking. There is insufficient evidence upon which to make a finding regarding the amount of wages earned by plaintiff in these positions.
21. There is insufficient evidence in the record upon which to enter a finding regarding plaintiffs average weekly wage on 28 January 1998.
22. At present, the record is insufficient upon which to enter a finding as to plaintiffs disability, if any, resulting from his 28 January 1998 injury by accident.
 ************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 28 January 1998, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. 97-2(6); In the alternative, on that date, plaintiff sustained a specific traumatic incident of the work assigned.Id.
2. In the Commissions Order of 10 August 2000, because the additional evidence sought may have be determinative on an ultimate issue, defendants were given the opportunity to secure a second opinion on the issue of causation pursuant to the Court of Appeals holding in Allen v.K-Mart, No. COA99-48, slip op. (24 April 2000). However, no evidence relating to a second opinion has been submitted. Id.
3. Defendants have failed to produce sufficient evidence upon which it could find that plaintiffs termination was for misconduct or fault for which a non-disabled employee would also have been terminated. SeeSeagraves v. Austin Co. of Greensboro, 123 N.C. App. 228, 472 S.E.2d 587
(1996).
4. There is insufficient evidence in the record upon which to enter a finding regarding plaintiffs average weekly wage on 28 January 1998.
5. The extent of plaintiffs disability, if any, resulting from his 28 January 1998 injury by accident cannot be determined based upon the current evidence of record. G.S. 97-2(9).
6. As the result of his 28 January 1998 injury by accident, plaintiff is entitled to have defendants pay for all related medical expenses. G.S. 97-25; G.S. 97-25.1.
 ************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. As the result of his 28 January 1998 injury by accident, plaintiff is entitled to have defendants pay for all related medical expenses.
2. As for plaintiffs average weekly wage on 28 January 1998 and his disability, if any, resulting from his injury by accident, it is hereby ORDERED that this matter be REMANDED to a Deputy Commissioner for a hearing on these issues. After said hearing, the assigned Deputy Commissioner shall enter an Opinion and Award not inconsistent with this Opinion and Award.
3. Defendants shall pay the costs.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/__________________ THOMAS J. BOLCH COMMISSIONER
S/__________________ RENE C. RIGGSBEE COMMISSIONER